IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| TOBY LYNN WILLIAMS, | § | |
| Petitioner, | § | |
| v. | § | Case No. 6:19-CV-166-JDK-JDL |
| DIRECTOR TDCJ-CID, | § | |
| Respondent. | § | |

### ORDER ADOPTING REPORT AND RECOMMENDATION
### OF UNITED STATES MAGISTRATE JUDGE

This case was referred to United States Magistrate Judge John D. Love pursuant to 28 U.S.C. § 636. On June 11, 2019, the Magistrate Judge issued a Report and Recommendation (Docket No. 4), recommending that the action be dismissed with prejudice as successive, but without prejudice as to Petitioner's right to refile his petition in the event he secures permission from the Fifth Circuit Court of Appeals to file a successive petition.

Petitioner was convicted of murder in 1993, receiving a life sentence. Docket No. 1 at 2. In 2010, Petitioner sought habeas corpus relief in state court concerning parole and mandatory supervision issues, and then filed a habeas corpus petition in federal court challenging the state habeas court's ruling. *See id.* at 3–4; *Williams v. Director, TDCJ-CID*, No. 6:10cv537 (E.D. Tex. Feb. 16, 2011). That petition was denied on February 16, 2011. *Williams v. Director, TDCJ-CID*, No. 6:10cv537, ECF No. 15 (E.D. Tex. Feb. 16, 2011). Petitioner then signed the present habeas corpus petition on April 19, 2019. Docket No. 1. In this petition, Petitioner challenges his conviction, bringing an ineffective assistance of counsel claim and an involuntary plea claim. Docket No. 1 at 6. The Magistrate Judge determined that this petition was successive because the

claims raised by Petitioner in the present case could have been raised in his first petition. Docket No. 4 at 2–3.

Petitioner filed objections to the Report. Petitioner asserts that his petition is not successive because his prior petition was unrelated to his conviction or sentence. Docket No. 6 at 1. However, Petitioner does not address the fact that his current claims arose before he filed his first federal habeas petition and could have been raised in the first petition. *Propes v. Quarterman*, 573 F.3d 225, 229 (5th Cir. 2009) ("The alleged errors in Propes's conviction, which are the targets of the challenge he now presents in a second habeas filing, occurred before Propes made his first habeas filing. That fact makes the second habeas petition successive under the AEDPA."). Petitioner also argues that the state trial court lacked jurisdiction because the state did not prove that "the alleged victim died in Texas, neither is there evidence to substantiate that Petitioner was properly extradited from Louisiana." Docket No. 6 at 2. This argument fails because these claims also could have been brought in Petitioner's first habeas petition. Petitioner's current petition therefore is successive, and the Court adopts the findings and conclusions of the Magistrate Judge as the findings and conclusions of the Court.

The Report of the Magistrate Judge, which contains proposed findings of fact and recommendations for the disposition of this action, has been presented for consideration, and having made a *de novo* review, the Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct and Petitioner's objections are without merit.

It is accordingly **ORDERED** that the Report and Recommendation (Docket No. 4) is **ADOPTED**. It is further

**ORDERED** that the petition for a writ of habeas corpus is **DISMISSED WITH PREJUDICE** as to its refiling without permission from the Fifth Circuit to file a successive

petition, but without prejudice to its refiling once such permission is obtained. All motions not previously ruled on are **DENIED**. A certificate of appealability is **DENIED** *sua sponte*. The denial of the certificate of appealability relates only to an appeal of the present case and shall have no effect upon the Petitioner's right to seek permission from the Fifth Circuit to file a successive petition.

So **ORDERED** and **SIGNED** this **29th** day of **August, 2019.**

_____
JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE